J-S31024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DERRICK R. CRAMER, | |
| Appellant | No. 1921 MDA 2014 |

Appeal from the PCRA Order entered October 16, 2014,
in the Court of Common Pleas of York County,
Criminal Division, at No(s): CP-67-CR-0001906-2002

BEFORE: BENDER, P.J.E., ALLEN, and WECHT, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED MAY 27, 2015**

Derrick R. Cramer ("Appellant") appeals *pro se* from the order denying his fifth petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The pertinent facts and protracted procedural history are as follows: In the early morning hours of February 9, 2002, Appellant killed Randolph (Jamal) Echols ("the victim"), who had frequently supplied him with drugs, by stabbing and/or slashing the victim with a knife. On May 9, 2003, a jury convicted Appellant of first-degree murder. On May 13, 2003, at the conclusion of a penalty hearing, the trial court sentenced Appellant to life in prison.

On June 9, 2003, Appellant filed a timely appeal to this Court, and on March 16, 2004, we affirmed his judgment of sentence. ***Commonwealth v.***

*Cramer*, 850 A.2d 6 (Pa. Super. 2004) (unpublished memorandum). On August 12, 2004, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Cramer*, 856 A.2d 832 (Pa. 2004).

Appellant filed a timely *pro se* PCRA petition on February 5, 2005. The PCRA court appointed counsel, and on May 20, 2005, PCRA counsel filed an amended petition. The PCRA court held an evidentiary hearing on June 13, 2005. At the conclusion of the hearing, the PCRA court denied relief. Appellant filed a timely appeal to this Court, in which he raised eight claims of trial counsel's ineffectiveness, including trial counsel's failure "to obtain an expert to testify as to the effect of drugs and/or alcohol as it relates to the specific intent to kill" which "may have provided additional evidence relative to [Appellant's] claim of voluntary intoxication which would otherwise reduce murder of the first degree to murder of the third degree." *Commonwealth v. Cramer*, 898 A.2d 1126 (Pa. Super. 2006), unpublished memorandum at 4. Rejecting all of Appellant's claims, we affirmed the PCRA court's denial of post-conviction relief. *Id.* at 15. On December 15, 2006, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Cramer*, 912 A.2d 1290 (Pa. 2006).

Appellant filed a second *pro se* PCRA petition on February 20, 2007. The PCRA court once again appointed counsel, and on April 30, 2007, the PCRA court dismissed the petition as untimely and otherwise without merit. Although Appellant filed a timely, counseled appeal to this Court, on July 18,

2007, we dismissed it for failure to file a docketing statement pursuant to Pa.R.A.P. 3517.

On August 14, 2007, Appellant filed a "[PCRA] PETITION FOR LEAVE TO RESTORE APPEAL RIGHTS NUNC PRO TUNC." The PCRA court denied the petition on September 17, 2007. Appellant filed a timely appeal to this Court. On June 20, 2008, we affirmed the PCRA court's denial of relief, and on October 16, 2008, our Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Cramer*, 959 A.2d 927 (Pa. 2008).

Appellant filed a fourth *pro se* PCRA petition on August 25, 2011. On August 30, 2011, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's serial petition without a hearing. Appellant filed a response on September 20, 2011. By order entered September 26, 2011, the PCRA court denied relief. Appellant filed a timely appeal to this Court. In an unpublished memorandum filed on July 10, 2012, we affirmed the denial of relief on the basis that the serial PCRA petition was untimely. *Commonwealth v. Cramer*, 55 A.3d 130 (Pa. Super. 2012).

On October 2, 2014, Appellant filed the *pro se* PCRA petition at issue, his fifth. Within this petition, Appellant asserts that his "family made me aware of the fact that new information concerning [] cocaine use had surfaced and had it been available at the time of my trial, [it] would have changed the outcome of the verdict. I was also given new information concerning alcoholism[.]" PCRA Petition, 10/2/14, at 3. As an exhibit to the

- 3 -

petition, Appellant attached an online article describing "cocaine psychosis." By order entered October 16, 2014, the PCRA court denied Appellant's petition as untimely. In doing so, the PCRA court noted that Appellant's "discovery of the term 'cocaine psychosis' does not constitute newly discovered evidence that could not have been ascertained by the exercise of due diligence, nor does it constitute exculpatory evidence that would have changed the outcome of the case."

Appellant filed a timely appeal to this Court, in which he challenges the PCRA court's determination that he failed to establish an exception to the PCRA's time bar.[1] Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164,

---

[1] Appellant also asserts that the PCRA court erred in failing to comply with Pa.R.Crim.P. 907 regarding its intent to dismiss his serial petition. We disagree. "[O]ur Supreme Court has held that where the PCRA petition is untimely, the failure to provide such notice is not reversible error." ***Commonwealth v. Lawson***, 90 A.3d 1, 5 (Pa. Super. 2014) (citations omitted).

1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. ***Commonwealth v. Jordan***, 772 A.2d 1011 (Pa. Super. 2001).

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Thus, if a PCRA petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. ***Id***. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. ***Id.***

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." ***Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of

the date the claim first could have been presented." ***Gamboa-Taylor***, 753 A.2d at 783. ***See also*** 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

Because Appellant did not file a petition for writ of *certiorari* with the United States Supreme Court following our Supreme Court's denial of *allocatur*, for PCRA purposes, Appellant's judgment of sentence became final ninety days thereafter, on November 10, 2004. 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Appellant filed the instant PCRA petition almost ten years later. As a result, his PCRA petition is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Commonwealth v. Beasley***, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant has failed to prove the applicability of any of the exceptions to the PCRA's time restrictions. When considering a PCRA petitioner's claim that he or she has established an exception to the PCRA's time bar under section 9545(b)(1)(ii), the petitioner must establish only that the facts upon which the claim is predicated were unknown to him, and that he could not have ascertained the facts earlier despite the exercise of due diligence.

*Commonwealth v. Bennett*, 930 A.2d 1264, 1270-72 (Pa. 2007). The determination of timeliness does not require a merits analysis. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008).

In rejecting Appellant's claim, the PCRA court explained:

> Appellant's reliance on the after-discovered exception is misplaced for at least two reasons. First, although Appellant may not have discovered the term "cocaine psychosis" until 2014, he was certainly aware of his cocaine use and the symptoms flowing therefrom at the time of trial. Any amount of due diligence would have revealed that cocaine has the potential to trigger paranoid delusions in those who abuse the drug. In fact, Appellant's [PCRA] petition concedes this point. *Appellant's PCRA Memorandum*, p.7 ("Petitioner posits that had trial counsel exercised at a minimum a reasonable amount of investigative action on the part of petitioner, counsel could have discovered the scientific and psychiatric term of 'Cocaine Psychosis'"). Thus, the facts upon which Appellant's claim is predicated were known to Appellant at the time of trial or could have been ascertained by the exercise of due diligence. Second, the law is clear that Appellant must show the new facts constitute "exculpatory evidence" that would have changed the outcome of the trial if it had been introduced. *Commonwealth v. Palmer*, 814 A.2d 700, 706 (Pa. Super. 2002). The fact that the phrase "cocaine psychosis" exists in the medical community does not tend to establish Appellant is innocent of first degree murder for the killing of [the victim].

PCRA Court Opinion, 1/9/15, at 2-3.

Our review of the record supports the PCRA court's conclusions, and Appellant's claims to the contrary are unavailing. Initially, we note that prior to trial, Appellant was subjected to psychological testing. *See* N.T., 4/29/03 (Deposition of Larry A. Rotenberg, M.D.). Appellant proffers no evidence that he was or could have been diagnosed with "cocaine psychosis."

Moreover, Appellant's girlfriend testified at trial that Appellant became "paranoid when using cocaine", and was "geeking" – a term she acknowledged as "irrational fear." *See* N.T., 5/5/03, at 196-98. Thus, we agree with the Commonwealth's statement that Appellant "simply learned of a new term to describe old facts that were already known and presented at trial." Commonwealth's Brief at 7.

In sum, for all of the above reasons, the PCRA court correctly determined that it lacked jurisdiction to consider Appellant's untimely PCRA petition. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2015